UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL P. MOUSHIGIAN,<br><br>    Appellant,<br><br>    v.<br><br>JOHN R. MARDEROSIAN,<br>ELIZABETH A. MARDEROSIAN,<br><br>    Debtors/Appellees. | Civil Action No.<br>13-10137-FDS<br><br>On appeal from<br>Bankruptcy Case No. 12-14076-WCH |

### ORDER REINSTATING APPEAL

**SAYLOR, J.**

On January 25, 2013, appellant Paul P. Moushigian filed a motion for leave to appeal certain orders entered by the Bankruptcy Court in the bankruptcy case of appellees John and Elizabeth Maderosian. Appellees responded by filing a motion to dismiss the appeal, in addition to an opposition to the motion for leave to appeal. On May 28, this Court denied the motion for leave to appeal based on an order of the Bankruptcy Court of May 21 denying the same. This Court also denied the motion to dismiss the appeal as moot.

On June 20, after the appeal was terminated, appellant filed an emergency motion for judgment on the pleadings, contending, among other things, that the Court had terminated the appeal in error. On June 26, appellees filed an opposition to the emergency motion in which they agreed that the appeal had been terminated in error, but nonetheless disputed that emergency relief was appropriate.

Upon further review of the parties' filings and the Bankruptcy Court order of May 21, this Court finds that its termination of the appeal was in error and will therefore reinstate the appeal. Although the Bankruptcy Court's order did deny the appellant's motion for leave to appeal as moot, it did so based on a finding that the motion was "unnecessary." Careful examination of the bankruptcy code and rules reveals that the motion was unnecessary because the appeal was not interlocutory pursuant to 28 U.S.C. § 158(a)(3) and therefore leave for appeal

was not required by Fed. R. Bankr. P. 8001(B).  The Bankruptcy Court's holding indicates that it instead found that the appeal was of a final judgment pursuant to 28 U.S.C. § 158(a)(1) - (2) and therefore could be taken as of right as permitted by Fed. R. Bankr. P. 8001(A).  Accordingly, the motion for leave to appeal pending before this Court was correctly denied as moot, but the Court erred in terminating the appeal following that decision.

For the foregoing reasons, the Court will reinstate the appeal and treat it as filed on July 16, 2013, for the purposes of determining deadlines for the filing of briefs as set forth by Fed. R. Bankr. P. 8009.  However, the Court's denials of the motion for leave to appeal and the motion to dismiss the appeal will remain in effect, because the motions are both moot as to an appeal as of right.

As to the appellant's motion for judgment on the pleadings, it is not entirely clear whether the relief requested was appropriate under the circumstances at the time of the motion's filing.  However, the Court need not decide that issue, because circumstances have changed.  Any need for expedited consideration of the appeal on an emergency basis has been alleviated by the continuance of the underlying trial in state court.  As indicated in appellant's amendment to the motion, the state-court trial has been continued until October 28, 2013.  That schedule should give the Court sufficient time to consider the appeal in the ordinary course.  Accordingly, the motion for judgment on the pleadings will be denied as moot.

For the reasons set forth above, the appeal from the decision of the Bankruptcy Court is REINSTATED, the appellant's motion for leave to appeal is DENIED as moot, the appellees' motion to dismiss is DENIED as moot, and the appellant's motion for judgment on the pleadings is DENIED as moot.
**So Ordered.**

Dated:  July 16, 2013

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge