# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

————————————————————————

| | |
|---|---|
| PAUL P. MOUSHIGIAN, ) | |
| ) | |
| **Appellant,** ) | |
| ) | **Civil Action No.** |
| v. ) | **13-10137-FDS** |
| ) | |
| JOHN R. MARDEROSIAN and ) | **On appeal from** |
| ELIZABETH A. MARDEROSIAN, ) | **Bankruptcy Case No. 12-14076-WCH** |
| ) | |
| **Debtors/Appellees.** ) | |

————————————————————————

## MEMORANDUM AND ORDER ON APPEAL

**SAYLOR, J.**

This is an appeal by a creditor of certain orders issued by the United States Bankruptcy Court.  Appellant Paul P. Moushigian filed a lawsuit alleging fraud and embezzlement in Massachusetts Superior Court against the debtors, John and Elizabeth Marderosian.  The debtors then filed a petition for bankruptcy.  Moushigian then obtained relief from the automatic stay to pursue the lawsuit.  The debtors eventually received a discharge that did not make any exception for the Moushigian lawsuit.  When Moushigian sought an order "confirming" that the discharge "had no effect on his claims," the Bankruptcy Court denied relief on the ground that he had failed to file a complaint objecting to the dischargeability of the debt.

Moushigian now appeals the Bankruptcy Court's order and its denial of his motions for reconsideration.  Essentially, he contends that the grant of relief from the stay made it unnecessary to file a complaint objecting to the dischargeability of the debt.

For the reasons set forth below, the orders of the Bankruptcy Court will be affirmed.

## I.     Jurisdiction and Standard of Review

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1).  In reviewing the Bankruptcy Court's decision, this Court functions as an appellate court and is authorized to "affirm, modify, or reverse a bankruptcy judge's [order] or remand with instructions for further proceedings."  Fed. R. Bankr. P. 8013.  The Bankruptcy Court's conclusions of law are reviewed *de novo*; its findings of fact are reviewed for clear error; and its discretionary rulings are reviewed for abuse of discretion.  *See Stornaweye Fin. Corp. v. Hill* (*In re Hill*), 562 F.3d 29, 32 (1st Cir. 2009) (citing *In re Healthco Int'l, Inc.*, 132 F.3d 104, 107 (1st Cir. 1997); *In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir. 1990).

## II.     Background

On December 3, 2010, Paul Moushigian filed a complaint in Barnstable County Superior Court against John and Elizabeth Marderosian, Diane Harvey, and Lucy's Boys, Inc.  The complaint alleged various state law claims, including embezzlement and fraud.  (App. 42). Moushigian contended that the defendants wrongfully took money for personal use from two restaurants they jointly owned with him and failed to pay his salary.  (App. 27-43).  According to Moushigian, the case proceeded into discovery, and the state court attached the real property of John Marderosian up to $200,000.  (App. 129; Appellant's Br. at 3).  When Moushigian deposed John Marderosian in April 2012, Marderosian asserted his Fifth Amendment right against self-incrimination as to all questions.  (Appellant's Br. at 3).

On May 10, 2012, John and Elizabeth Marderosian filed for bankruptcy under Chapter 7 in the Bankruptcy Court for the District of Massachusetts.  (App. 1).  On May 16, 2012, the

Superior Court issued an order staying the state case pending the bankruptcy proceedings.  (App. 19, 44).

On July 25, 2012, Moushigian filed a "Motion By Creditor for Relief from Stay and Related Relief" with the Bankruptcy Court.  (App. 24).  He requested that his "continued prosecution of [his] claim in the Barnstable civil action be deemed sufficient to satisfy the deadline established herein for commencement of an adversary proceedings for challenge to dischargeability of any debt so established."  (App. 24).  The motion also stated:

> Moushigian proposes to seek a verdict or finding that one or both of the debtors here is liable to Moushigian for fraud based on facts sufficient to avoid or prevent bankruptcy discharge in this Court.  If a verdict or judgment as to fraud is obtained in the Barnstable civil action, Moushigian proposes to return to this Court for further proceedings, as appropriate, to declare that the debt of one or both of the debtors is not dischargeable pursuant to 11 U.S.C. 523(a)(4) as described above and, without limitation, 11 U.S.C. 523(a)(2) . . . .

(App. 25).  Moushigian concluded:

> If this motion is denied, Moushigian in that event requests the August 6, 2012 deadline [for filing an adversary complaint] b[e] extended for ten business days after the denial of this motion to permit Moushigian to file an adversary complaint seeking to deny discharge of these debtors.

(App. 50).

On August 2, 2012, Moushigian filed a "Request for Expedited Determination and Related Relief" with the Bankruptcy Court, seeking a ruling on his July 25, 2012 Motion.  (App. 45).  He stated that a decision on the earlier motion would "permit relief or in the alternative extend the deadline for filing of a dischargeability complaint" and requested that the deadline be extended ten days "from the grant or denial of this request."  (App. 45).  Later that day, the Bankruptcy Court denied that motion because it "state[d] no grounds," adding:

> To the extent Creditor Moushigian seeks an extension of the deadline in which to

> file a complaint objecting to the Debtor's discharge of the dischargeability of
> certain debts, it is extended to September 27, 2012.  Any further request to extend
> that deadline shall be made by a separate motion filed prior to the expiration of
> the deadline.

(App. 70).

On August 21, 2012, the Bankruptcy Court ruled on Moushigian's July 25, 2012 motion.

The ruling simply stated:  "Relief from stay granted."  (App. 73).

Moushigian neither filed a dischargeability complaint nor moved for an extension of time

to file such a complaint by September 27, 2012.

The Bankruptcy Court, on December 5, 2012, issued a general notice of discharge for the

Marderosians.  (App. 10, 101).  The Marderosians sent notice of the discharge to the state court.

(App. 100).

On December 17, 2012, Moushigian filed a "Motion To Affirm Order Granting Relief of

Stay."  (App. 72).  According to Moushigian, bankruptcy counsel for the Marderosians had

moved for sanctions against him in state court for continuing to prosecute the state case against

them after the Bankruptcy Court had issued a discharge.  Moushigian sought an order

"confirming that the December 5, 2012 Order granting a general discharge under 11 USC § 727,

has no effect on that prior Order which allowed Moushigian to pursue his claims."  (App. 74,

97).  Two days later, the Bankruptcy Court issued an order stating that its August 21, 2012 order

"granted relief from stay for purpose of continuing a civil action in the Barnstable Superior

Court" but "did not grant any other relief."  (App. 104).  It added:

> the Court had previously construed [the August 2 motion] as a request for an
> extension of the deadline to file complaints objecting to the Debtors' discharge or
> the dischargeability of certain debts, and . . . entered an order granting a limited
> extension of the deadline to September 27, 2012.

(App. 104).  Because "the movant failed to file a timely extension," "the deadline expired," and "[n]o timely objections [were] filed, the Debtors received a discharge."  (App. 104).

In response, on December 27, 2012, Moushigian filed a motion for reconsideration of the December 19 Order pursuant to the Bankruptcy Court's equitable powers under 11 U.S.C. § 105(a).  (App. 153-56).  The Marderosians filed an objection to the motion on December 31, contending that the motion did not allege new issues of law or fact or present new evidence. (App. 157-58).  Moushigian then filed a second motion for reconsideration, on January 2, 2013, which the Bankruptcy Court denied under Fed. R. Bank. P. 4004(b) and 9006(b)(3).  (App. 105). That same day, the Bankruptcy Court granted the Marderosians' November 20, 2012 motion to avoid Moushigian's $200,000 lien on their real property.  (App. 106; *see* App. 119-134).

On January 17, 2013, Moushigian filed a notice of appeal.

### III.   <u>Analysis</u>

In general, the filing of a bankruptcy petition automatically institutes a stay of all judicial proceedings against the debtor or the debtor's property.  11 U.S.C. § 362(a).  However, a court "shall grant relief" from the stay to a party in interest "for cause."  11 U.S.C. § 362(d).  "Cause" may include allowing a creditor to continue state court litigation to determine non-dischargeability of a debt based on fraud.  *See, e.g.*, *In re Saunders*, 103 B.R. 298, 299 (Bankr. N.D. Fla. 1989).  Appellant received such relief here pursuant to the August 21, 2012 Order that stated, "Relief from stay granted."

However, "requests for relief from an automatic stay do not commence an adversary proceeding."  Advisory Committee Note to Fed. R. Bankr. P. 7001.  And an adversary proceeding is required "to recover money or property," "to determine the validity, priority, or

extent of a lien," and "to determine the dischargeability of a debt."  Fed. R. Bankr. P. 7001.

"The differences between procedure in an adversary proceeding and a motion for relief from stay

are material."  *In re  TMT, Inc.*, 57 Bankr. Ct. Dec. 206 (Bankr. N.D. Ohio Mar. 20, 2013).  An

adversary proceeding requires that a party file a complaint, pay filing fees, and serve a summons;

a relief from stay is a process by motion that does not determine substantive rights.  *See* Fed. R.

Bankr. P. 4001;  Fed. R. Bankr. P. 7001; *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 33

(1st Cir. 1994).

    The fact that the debtors had notice that Moushigian contested the dischargeability of the

debt is only one component of a sufficient complaint.  Because Moushigian's July 25, 2012

motion failed to meet all of the procedural requirements, it did not qualify as a complaint

commencing an adversary proceeding, nor did it obviate the need for him to file a complaint.

Furthermore, by the plain terms of the order of the Bankruptcy Court on Moushigian's motion,

the order did not grant the motion in full but only to the extent that it requested a relief from stay.

Moushigian's request that his prosecution of the state case was sufficient to "satisfy the deadline

established herein for commencement of an adversary proceeding" was denied.

    "If a creditor believes its claim is not dischargeable" under 11 U.S.C. § 523 because it is

based on fraud,  embezzlement, larceny, or other specified grounds, then "the creditor must file a

Complaint to Determine Dischargeability in the bankruptcy court within 60 days after the first

date set for the § 341 meeting of creditors."  GINSBERG & MARTIN ON BANKR. § 12.12.  *See* 11

U.S.C. § 523(c)(1); F.R.B.P. 4007(c); *In re Eaton*, 327 B.R. 79, 81 (Bankr. D.N.H. 2005).

Failure to meet that deadline, or to obtain an extension before the deadline expires, will result in

the discharge of the debt, regardless of the merits of the claim.  GINSBERG & MARTIN ON BANKR.

6

§ 12.12 ("It's hard to overemphasize the importance of filing a complaint objecting to dischargeability within the 60-day period if the creditor's claim arises from the debtor's fraud, false pretenses, misrepresentation, false financial statement, embezzlement, larceny, fraud or defalcation in a fiduciary capacity, or willful and malicious injury.").  Here, the first § 341 meeting was scheduled for June 5, 2012, and the Bankruptcy Court originally set the deadline for August 6, 2012.  (App. 2-3).  On August 2, 2012, the Bankruptcy Court extended the deadline for Moushigian to file a complaint objecting to the debtors' discharge of the dischargeability to September 27, 2012, and directed him to seek any further extension prior to that date.  (App. 70).  Moushigian neither filed a complaint nor sought an extension of the deadline, and on December 5, 2012, the Bankruptcy Court issued debtors a discharge.  Accordingly, the Bankruptcy Court properly concluded that Moushigian could not continue to proceed in the state court because any debt had been discharged.

In addition, the Bankruptcy Court appropriately denied Moushigian's motions for reconsideration.  The Bankruptcy Court has statutory equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," or to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105.  *See In re Nosek*, 544 F.3d 34, 43-44 (1st Cir. 2008) ("Section 105(a) of the Code provides the bankruptcy court broad authority to "exercise its equitable powers—where 'necessary' or 'appropriate'—to facilitate the implementation of other Bankruptcy Code provisions.") (internal citation and quotation omitted).  But that power "may be invoked only if, and to the extent that, the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere

7

in the Bankruptcy Code." *In re  Jamo*, 283 F.3d 392, 403 (1st Cir. 2002) (citing *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)).  It does not appear that the Bankruptcy Court abused its discretion in declining to reconsider its prior ruling.  *See In re  Weinstein*, 164 F.3d 677, 686-87 (1st Cir. 1999); *cf.* Fed. R. Bankr. P. 4004(b) (limiting the time to object to discharge); Fed. R. Bankr. P. 9006(b)(3) (permitting extensions of time to file objections to discharge in specified circumstances).  Accordingly, the Bankruptcy Court's orders on the motions to reconsider and the underlying "Motion for Affirmation" will be affirmed.

Finally, Moushigian challenges the Bankruptcy Court's orders on constitutional grounds because they effectively terminate his state-law claims in state court.  (Appellant's Br. at 16-20).  But the statutes and procedures of bankruptcy would have permitted Moushigian to pursue and vindicate his rights under state law.  It was not, in fact, a defect in the federal system of bankruptcy that terminated his case, but instead his failure to comply with the rules.  Moreover, the core ability of the bankruptcy courts to discharge an individual's debts, however incurred, if a creditor fails to file a claim cannot seriously be questioned.  *See* U.S. Constitution, art. I, § 8, cl. 4; *Wright v. Union Cent. Life Ins. Co.*, 304 U.S. 502, 517-18 (1938) ("[I]f Congress is acting within its bankruptcy power, it may authorize the bankruptcy court to affect these property rights [created and protected by state law], provided the limitations of the due process clause are observed.").

The relief from stay that Moushigian was granted was "not nugatory or inconsequential." (Appellant's Brief at 13).  But neither was it sufficient to commence an adversary proceeding to determine dischargeability of a debt.  It is entirely possible that Moushigian had a valid claim against the debtors and that he is now without a remedy for their fraud and embezzlement.

However, the rules of procedure are not meaningless, and litigants ignore them at their peril. Moushigian was obliged to comply with them in order to exercise his rights, and neglected to do so.

**IV.      <u>Conclusion</u>**

For the foregoing reasons, the orders of the Bankruptcy Court dated December 19, 2012, and January 2, 2013, finding that Moushigian had failed timely to file objections to the Marderosian's discharge and declining to reconsider its prior decision are AFFIRMED.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
Dated: October 7, 2013                              United States District Judge